1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7    KEEWIN L. WALKER,                         Case No. 19-cv-02944-EMC

8                Plaintiff,

9         v.                                   **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

10   M. POPOW, et al.,                         Docket No. 1

11               Defendants.

12
13                      **I.      INTRODUCTION**

14        Keewin L. Walker, a prisoner at the Pelican Bay State Prison, filed this *pro se* civil rights

15   action under 42 U.S.C. § 1983.  His complaint is now before the court for review under 28 U.S.C.

16   § 1915A.

17                      **II.     BACKGROUND**

18        Mr. Walker alleges the following in his complaint:

19        Mr. Walker works "with chemicals daily, bio-material occasionally & blood spills often,"

20   and therefore must shower before dinner and wash his clothes daily.  Docket No. 1 at 3.

21   Correctional officer (C/O) Popal intentionally delayed Mr. Walker's shower which eventually

22   became such an issue that supervisors caused a note to be put in the tower stating that Mr. Walker

23   was to receive his shower before the evening meal.  Sergeant Spencer asked Mr. Walker's

24   supervisor if the workers could be released at 3:45 (apparently to make the showering easier) and

25   the supervisor said it could not be done routinely but would be done occasionally depending on

26   the workload.  The showering issue was eventually resolved so that Mr. Walker would return from

27   work, receive his shower and dinner, and be counted without a disruption to normal programming.

28        Shortly after being made to comply with this set-up, C/O Popal announced to the prisoners

1    in Mr. Walker's housing unit that "their program would be delayed because he had to shower

2    inmate Walker in 223." *Id.* at 4.  Mr. Walker claims that this was done to attempt to get inmates to

3    harm him.  C/O Popal disallowed a shower and evening meal for Mr. Walker on October 4, 2018,

4    by closing the cell door, although Mr. Walker was allowed to shower later that night.  C/O Popal

5    yelled that, if Mr. Walker did not return by 3:45 p.m., he would have to wait to shower.  Mr.

6    Walker complained to a supervisor.

7    Later, sergeant Spencer told Mr. Walker that he did not like being called a liar and said that

8    he was having Mr. Walker moved to another block.  When Mr. Walker asked why he was being

9    moved, sergeant Spencer said "'to get your shower.'" *Id.* at 5.  Mr. Walker explained that the

10   problem had been resolved and that all that was required was to reinstruct C/O Popal to adhere to

11   the program implemented earlier.  Nonetheless, Mr. Walker was moved to another building.  Mr.

12   Walker contends that this was done in retaliation for Mr. Walker's efforts to have sergeant

13   Spencer and C/O Popal "held accountable." *Id.*

### III.    DISCUSSION

15   A federal court must engage in a preliminary screening of any case in which a prisoner

16   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

17   U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

18   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

19   seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

20   *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

21   696, 699 (9th Cir. 1990).

22   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

23   right secured by the Constitution or laws of the United States was violated and (2) that the

24   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

25   U.S. 42, 48 (1988).

26   The Eighth Amendment imposes duties on prison officials to provide prisoners with the

27   basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal

28   safety.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A plaintiff alleging that conditions of

2

1    confinement amount to cruel and unusual punishment prohibited by the Eighth Amendment must

2    satisfy a two-prong test. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, a plaintiff must satisfy

3    an objective test showing that "he is incarcerated under conditions posing a substantial risk of

4    serious harm." *Farmer*, 511 U.S. at 834. In determining whether a deprivation of a basic

5    necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim,

6    courts consider the circumstances, nature, and duration of the deprivation. *See Johnson v. Lewis*,

7    217 F.3d 726, 731 (9th Cir. 2000). Second, the plaintiff must show that the prison official

8    inflicted the deprivation with a "sufficiently culpable state of mind," that is, with "deliberate

9    indifference" to the prisoner's health or safety. *Farmer*, 511 U.S. at 834. The deliberate

10   indifference standard requires that the official know of and disregard an excessive risk to prisoner

11   health or safety. *See id.* at 837. The official must both be aware of facts from which the inference

12   could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

13   *See id.*

14       The allegation that Mr. Walker was not allowed to shower before meals do not state a

15   plausible claim for an Eighth Amendment violation. The complaint does not adequately plead an

16   objectively serious condition because Mr. Walker does not allege on how many occasions he was

17   denied a shower or what contaminants were actually on him when he was denied a shower.

18   Without this information, it cannot be determined whether this was a sporadic problem or a

19   persistent problem, and whether there actual rather than potential contamination problem. The

20   complaint also does not adequately plead the subjective element because no facts are alleged

21   suggesting that C/O Popal knew of and disregarded an excessive risk to inmate health or safety

22   when he refused to let Mr. Walker shower before dinner.

23       The allegation that C/O Popal announced to the housing unit that the programming was

24   delayed so that Mr. Walker could have his shower does not state a plausible claim of deliberate

25   indifference to Mr. Walker's safety. No facts are alleged to suggest that prisoners are so inclined

26   toward violence that a mere announcement of an inconvenience, even when it is announced that

27   the inconvenience is caused by a specific prisoner, will cause other prisoners to attack the prisoner

28   who causes the inconvenience. *Cf. Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir.

3

1   1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to

2   be protected from violence while in state custody).  Mr. Walker does not allege that he was

3   attacked or harmed by any inmate as a result of the announcement.  Leave to amend is granted so

4   that he may allege additional facts, if he has them, that show an Eighth Amendment violation.

5   "Within the prison context, a viable claim of First Amendment retaliation entails five basic

6   elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

7   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

8   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

9   correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

10  The complaint does not state a claim against sergeant Spencer for retaliation in his decision

11  to move Mr. Walker to another housing unit.  The complaint suggests that there was a legitimate

12  correctional goal promoted by the action, i.e., sergeant Spencer said he was moving Mr. Walker to

13  another housing unit so that he could get his shower.  If showering was necessary before meals

14  and could be accommodated more easily in the new housing unit, the move reasonably would

15  advance a legitimate correctional goal.  The complaint also does not adequately allege an adverse

16  action or a chilling effect because Mr. Walker does not allege that there was anything worse about

17  the new housing unit than the old housing unit.  Leave to amend is granted so that Mr. Walker

18  may attempt to allege facts plausibly stating a claim for retaliation.

19  Finally, Mr. Walker has spelled C/O Popal's name three different ways, i.e., Popow, Popal,

20  and Popall.  He is encouraged to find and use the correct name for that person so that service of

21  process, if necessary, does not falter due to an inadequately identified defendant.

22  **IV.    CONCLUSION**

23  The complaint fails to state a claim upon which relief may be granted.  Leave to amend is

24  granted so that Plaintiff may attempt to allege his claims in an amended complaint.  Plaintiff is

25  reminded that the amended complaint must be a complete statement of all of his claims. *See*

26  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed

27  with prejudice and without leave to amend, we will not require that they be repled in a subsequent

28  amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will

4

consider those claims to be waived if not repled.").  The amended complaint must be filed no later than **October 31, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Failure to file the amended complaint by the deadline will result in dismissal.

**IT IS SO ORDERED**.

Dated: September 20, 2019

_____
EDWARD M. CHEN
United States District Judge