UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEEWIN L. WALKER,<br>    Plaintiff,<br>v.<br>M. POPOW, et al.,<br>    Defendants. | Case No. 19-cv-02944-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 9 |

Keewin L. Walker, a prisoner at the Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend because the complaint failed to state a claim for an Eighth Amendment violation and failed to state a claim for retaliation.

Mr. Walker then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The amended complaint, like the original complaint, alleges that correctional officer (C/O) Popow intentionally delayed and disrupted Mr. Walker's ability to have a pre-dinner shower every day after he had worked with contaminants, and announced to the housing tier that inmate programming would be delayed because Mr. Walker needed to shower. The amended complaint, like the original complaint, also alleges that sergeant Spencer caused Mr. Walker to be moved to another housing unit after Mr. Walker had complained about his shower situation. The amended

complaint essentially repeats the allegations in the original complaint, and does not cure the deficiencies mentioned in the order of dismissal with leave to amend.

The order of dismissal with leave to amend discussed the objective and subjective elements of an Eighth Amendment claim and explained the shortcomings in Mr. Walker's pleading:

> The complaint does not adequately plead an objectively serious condition because Mr. Walker does not allege on how many occasions he was denied a shower or what contaminants were actually on him when he was denied a shower. Without this information, it cannot be determined whether this was a sporadic problem or a persistent problem, and whether there [was an] actual rather than potential contamination problem. The complaint also does not adequately plead the subjective element because no facts are alleged suggesting that C/O Pop[ow] knew of and disregarded an excessive risk to inmate health or safety when he refused to let Mr. Walker shower before dinner.
>
> The allegation that C/O Pop[ow] announced to the housing unit that the programming was delayed so that Mr. Walker could have his shower does not state a plausible claim of deliberate indifference to Mr. Walker's safety. No facts are alleged to suggest that prisoners are so inclined toward violence that a mere announcement of an inconvenience, even when it is announced that the inconvenience is caused by a specific prisoner, will cause other prisoners to attack the prisoner who causes the inconvenience. *Cf. Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody). Mr. Walker does not allege that he was attacked or harmed by any inmate as a result of the announcement.

Docket No. 8 at 3-4. The amended complaint does not cure any of these deficiencies, i.e., Mr. Walker does not allege facts plausibly suggesting an objectively serious condition or that C/O Popow was deliberately indifferent to health or safety when he disallowed the pre-meal showers and announced a delay in programming for the housing unit.

The order of dismissal with leave to amend also described the elements of a retaliation claim and explained how the complaint failed to state a retaliation claim.

> The complaint suggests that there was a legitimate correctional goal promoted by the action, i.e., sergeant Spencer said he was moving Mr. Walker to another housing unit so that he could get his shower. If showering was necessary before meals and could be accommodated more easily in the new housing unit, the move reasonably would advance a legitimate correctional goal. The complaint also does not adequately allege an adverse action or a chilling effect because Mr. Walker does not allege that there was anything worse about the new housing unit than the old housing

unit.

Docket No. 8 at 4. The amended complaint does not cure these deficiencies in the retaliation claim, i.e., Mr. Walker does not allege facts plausibly suggesting the absence of a legitimate correctional goal, an adverse action, or a chilling effect.

The amended complaint, like the original complaint, fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the Court already described the deficiencies and Mr. Walker was unable or unwilling to cure them. Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief may be granted. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 10, 2020

_____
EDWARD M. CHEN
United States District Judge